IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYATTA REED | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GIRARD COLLEGE | : | NO. 20-2325 |

MEMORANDUM

Bartle, J.                                          August 11, 2020

Plaintiff Kenyatta Reed has sued defendant Girard
College, his former employer.  He alleges that defendant's
"discriminatory and retaliatory conduct forced" him to resign
from his position.  Plaintiff seeks damages and asserts six
claims for relief:  (1) discrimination and retaliation in
violation of the Americans with Disabilities Act, 42 U.S.C.
§ 12101 ("ADA") (Counts I and II); (2) discrimination and
retaliation in violation of the Pennsylvania Human Relations
Act, 43 Pa. C.S.A. § 951 ("PHRA") (Counts III and IV);
(3) violation of the Family and Medical Leave Act, 29 U.S.C.
§ 2601 ("FMLA") (Count V); and (4) violation of the Pennsylvania
Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 ("WPCL")
(Count VI).  Before the court is the motion of defendant for
dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure for failure to state claim
upon which relief can be granted, or in the alternative, to
compel arbitration pursuant to the Collective Bargaining

Agreement ("CBA") entered into by defendant and the Educational Support Personnel Association, PSEA-NSA ("Union"), of which Plaintiff was a member.  Defendant also seeks to dismiss the complaint on the ground that it is not the proper defendant.

I

The following facts are alleged in the complaint and are taken as true for present purposes.

Girard College was created in the 19th century from one of the bequests in the Will of Stephen Girard, who emigrated from France in 1777 and became a prominent businessman in the City of Philadelphia.  Stephen Girard died in 1831, and pursuant to his Will, Girard College, a boarding school originally for orphaned boys from ages 6 through 18, who were to be fed, clothed, lodged and educated at no cost, was created.  See In re Estate of Stephen Girard, 132 A.3d 623 (Pa. 2016).  In 1869, the Pennsylvania legislature created, by statute, the Board of Directors of City Trusts ("Board"), which was charged with the administration of trusts left by Stephen Girard.  53 Pa. C.S.A. §§ 16365-16370.  The Board is an agency of the Commonwealth of Pennsylvania.  Commonwealth of Pennsylvania v. Board of Directors of City Trusts of City of Philadelphia, 353 U.S. 230, 231 (1957).

Plaintiff was employed at Girard College as a Residential Advisor for approximately twenty years, having first

started with defendant in 2000.  As a Residential Advisor, plaintiff's duties included supervising students' residential activities, supporting students' academic work, enforcing school rules and policies, and accompanying students during off campus activities.

On or about 2012, plaintiff was diagnosed with anemia, which caused him to suffer fatigue, weakness, and light headedness.  On or about December 2018, plaintiff requested and was granted intermittent leave as a result of complications from a medical procedure.  Plaintiff alleges that in retaliation for this request, his supervisor began creating "unjustified performance issues" about his work.  On or about spring of 2019, plaintiff was also diagnosed with "depression, anxiety, insomnia, and adjustment disorder."  In early 2019, plaintiff reported his supervisor's "harassing behavior" to his superiors. Despite his complaint, plaintiff's supervisor continued to retaliate against him and further disciplined him through performance infractions.

In addition, at the end of 2019, defendant failed to compensate plaintiff for "overcap hours"[1] and in early 2020, he

_____

[1]    "Overcap hours" is defined under Section 5 of Article XVII of the CBA as those hours when a Residential Advisor is required to supervise more than the maximum prescribed number of students permitted by the CBA where Girard would have been otherwise able to obtain a substitute Residential Advisor or otherwise remedy the situation.

was not compensated correctly.  While he sent "multiple"
communications to his superiors regarding wages he had been owed
by defendant, the issue was not resolved.  Subsequently,
plaintiff attempted to utilize his intermittent FMLA leave and
was advised by defendant that his "FMLA time had expired and
that additional time off would not be approved and disciplinary
action may result if time was taken."

Thereafter, plaintiff filed a charge for
discrimination and retaliation with the Equal Opportunity
Employment Commission ("EEOC") and the Pennsylvania Human
Relations Commission ("PHRC").  He received his "Right to Sue"
notice from the EEOC on February 24, 2020.  Plaintiff resigned
his employment with defendant effective at the end of the 2019-
2020 academic year.  He filed this action on May 18, 2020.

II

When reviewing a motion to dismiss under
Rule 12(b)(6), the court "accept[s] as true all allegations in
plaintiff's complaint as well as all reasonable inferences that
can be drawn from them, and [the court] construes them in a
light most favorable to the non-movant."  Tatis v. Allied
Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (internal
citations omitted).  In addition, the court may also consider
certain records outside of the complaint, such as an
"undisputedly authentic document that a defendant attaches as an

-4-

exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Here, in support of its motion to dismiss, the defendant references the CBA, which was not attached to the complaint.  No one disputes its authenticity, and the Court may consider it in connection with defendant's motion to dismiss.

We turn to the standard of review for defendant's motion to compel arbitration.  Our Court of Appeals has instructed that "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel should be considered under a Rule 12(b)(6) standard without discovery's delay." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013) (internal quotations and citations omitted). However, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," then the Rule 56 summary judgment standard applies. Id.

III

Defendant asserts that counts I through V of the complaint must be dismissed because plaintiff "waived his right to litigate his federal and state statutory claims for employment discrimination."  Defendant maintains that plaintiff did not avail himself of the "mandatory grievance and arbitration procedures" described in the CBA between the union representing plaintiff and the defendant.

Plaintiff counters that the "CBA is not integral to this discrimination litigation" and that he did not waive his right to litigate his federal and state statutory claims for employment discrimination because:  (1) the [CBA] is "not clear and unmistakable with regard to its waiver of the judicial forums and, therefore, is not applicable or enforceable"; (2) he "complied with the grievance procedure as set forth in the detailed [c]omplaint"; and (3) the "[a]rbitration process is not mandatory under the CBA."

Neither party, as noted above, disputes the existence of the CBA.  They disagree as to the effect of certain provisions within it.  Two provisions of the CBA are of import to our analysis.  Article III, titled "Grievance and Arbitration Procedure," describes in detail the steps of the CBA for resolution of a "violation of any of the provisions of [the CBA]."  It states, in relevant part:

-6-

> If the action in Step 3 or Step 4 above
> fails to resolve the grievance to the
> satisfaction of the [Union], the grievance
> may be referred by an authorized
> representative of the Association to binding
> arbitration, as provided in Section 903 of
> the Act, providing such referral is made
> within twenty (20) working days following
> the date of the decision referred to in Step
> 3 or Step 4.

Article XVIII, titled "Non-Discrimination," states, in relevant

part:

> In the administration of this Agreement, the
> College shall not discriminate against any
> employee because of that employee's race,
> color, sex, religion, national origin, age
> or union membership, or against qualified
> individuals with a disability. Any employee
> who claims a violation of this Article
> shall, in the first instance, invoke the
> Grievance and Arbitration Article of this
> Agreement. If the grievance is not resolved
> within ninety (90) work days, the employee
> shall have the right to pursue additional
> remedies.

Defendant argues that these provisions establish a "clear" and

"mandatory" grievance process and "designat[es] arbitration as

the exclusive forum for . . . state and federal statutory

discrimination claims" that plaintiff "bypass[ed]" when he filed

this lawsuit.  Plaintiff, in turn, asserts that these provisions

are "irrelevant" because he "seeks damages under the statutory

remedy and not on the basis of a breach of contract" and the CBA

"should not be used to thwart that effort."

While an employee may generally pursue his federal statutory discrimination claims in federal court, he or she may "waive [ ] . . . the right to seek relief from a court in the first instance." 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 265–66 (2009). When considering whether an employee waived his or her statutory rights through a CBA, a court must consider whether "(1) the arbitration provision clearly and unmistakably waives the employee's ability to vindicate his or her federal statutory right in court; and (2) the federal statute does not exclude arbitration as an appropriate forum." Jones v. Does 1-10, 857 F.3d 508, 512 (3d Cir. 2017). The clear-and-unmistakable-waiver standard ensures that "very general" arbitration clauses cannot waive a judicial forum for vindication of statutory rights. Darrington v. Milton Hershey Sch., 958 F.3d 188, 193 (3d Cir. 2020). Rather, a clear and unmistakable waiver of a judicial forum for "statutory antidiscrimination claims [must] be explicitly stated in the collective bargaining agreement." Pyett, 556 U.S. at 258 (internal quotations omitted).

The Grievance and Arbitration Procedure and the Non-Discrimination provisions of the CBA do not meet the standard for the clear-and-unmistakable-waiver. Article XVIII simply is a general provision prohibiting Girard College from discriminating against its employees on the basis of race, sex,

religion, or disability, among other grounds.  Nowhere in the relevant sections of the CBA is there any mention of an employee waiving his or her statutory right to pursue a lawsuit alleging discrimination in state or federal courts.  The assertion that the CBA "designates arbitration as the exclusive forum for . . . state and federal statutory discrimination claims" is not supported by the text.  Indeed, Article III merely states that matters "may be referred to arbitration" and Article XVIII states that after 90 days an employee "shall have" the right to pursue additional remedies.

Defendant's reliance on Darrington v. Milton Hershey Schools, Jones v. Does, and Maldonado v. SecTek for the proposition that the CBA in this matter is "clear and unmistakable" is misplaced.  In Darrington, the CBA explicitly stated that members:

> waive any right to institute or maintain any
> private lawsuit alleging employment
> discrimination in any state or federal court
> regarding the matters encompassed within
> this grievance procedure.

958 F.3d 188, 195 (3d Cir. 2020).  In Jones, the CBA provided:

> [a]ll claims that an employee has been
> discriminated against ... in violation of
> applicable federal, state or local law shall
> be subject to the grievance and arbitration
> procedure as the sole and exclusive remedy
> for violations.

857 F.3d 508, 513 (3d Cir. 2017).  In <u>Maldonado</u>, the CBA stated
that any antidiscrimination claim that the "Company has breached
any federal, state, or local civil rights law, shall be resolved
exclusively pursuant to binding arbitration."  No. 20-2325, at
15 (E.D. Pa. Aug. 8, 2019).  In contrast, no such clear and
unmistakable provision exists here.

Accordingly, the motion of defendant to dismiss Counts
I through V of plaintiff's complaint for failure to arbitrate
under the CBA will be denied.

IV

Defendant also asserts that plaintiff's WPCL claim in
Count VI is subject to the grievance and arbitration procedures
and thus "preempted by the CBA and the applicable law."
According to defendant, plaintiff's allegation that defendant
failed to compensate him for overcap hours is a "contractual
claim" since said payment is defined in the CBA.

The WPCL "provides a statutory remedy when [an]
employer breaches a contractual obligation to pay earned wages."
<u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 309 (3d Cir.
2003).  It also provides for counsel fees and liquidated damages
in the amount of twenty-five percent of the total wages due if
there is no good faith contest or dispute of any wage claims.
<u>See</u> 43 Pa. C.S.A. § 260.10.  "In order to survive a motion to
dismiss under Rule 12(b)(6), a plaintiff bringing a WPCL claim

-10-

must allege a contractual right—either written or oral—to
claimed wages." Rosario v. First Student Mgmt. LLC, 247 F.
Supp. 3d 560, 568 (E.D. Pa. 2017).

As noted above, Articles III and XVIII of the CBA do
not clearly and unmistakably waive plaintiff's right to seek
damages in this court.  As with the statutory employment
discrimination claim, plaintiff is not specifically obligated to
arbitrate his wage claim under the WPCL.

Accordingly, we will deny the motion of defendant to
dismiss Count VI of the complaint under Rule 12(b)(6).

V

Defendant further seeks dismissal of Counts III and
IV, which allege violations of the Pennsylvania Human Relations
Act, 43 Pa. C.S.A. § 951 ("PHRA").  Defendant maintains that
plaintiff failed to exhaust his state law administrative
remedies before filing the complaint.

According to defendant, plaintiff pursued
administrative relief by dual filing his complaint with the PHRC
and the EEOC.  However, plaintiff only received a "right to sue"
letter from the EEOC, not the PHRC.  Defendant argues that since
the PHRC has "exclusive jurisdiction over claims filed with it
for a period of one year," plaintiff's PHRA claims are
premature.

Plaintiff counters that all "administrative remedies have been exhausted" because he dual filed his complaint to the EEOC and PHRC at the same time and subsequently received a "right to sue" letter from the EEOC on February 24, 2020. Plaintiff contends, without any authority or support, that "[b]ecause the EEOC, and not the PHRC did the investigation, the right to sue letter came from the EEOC and no further documentation will come from PHRC."

The PHRA provides a statutory remedy that precludes assertion of a common law tort action for wrongful discharge based upon discrimination.  Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 89 (1989).  A plaintiff who wishes to bring a PHRA claim must first file an administrative complaint with the PHRC.  See Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir.1997).  The PHRA grants the PHRC exclusive jurisdiction over claims for a period of one year in order to allow for the investigation or conciliation of the claims.  See 43 Pa. C.S.A. § 962(c)(1).  No right-to-sue letter is required in connection with PHRA claims, and after the expiration of one year a complainant may bring suit regardless of whether or not he has received a letter from the PHRC.  Tlush v. Manufacturers Res. Ctr., 315 F. Supp. 2d 650, 656 (E.D. Pa. 2002).  The Pennsylvania Supreme Court has held that an employee cannot file a PHRA claim in the judicial system without first exhausting his

-12-

administrative remedies.  See Clay, 559 A.2d at 919.  Applying
this binding interpretation of state law, courts in this
district have consistently dismissed PHRA claims filed prior to
the expiration of the PHRC's one-year exclusive jurisdiction
period.  Tlush, 315 F. Supp. 2d at 656.

    Plaintiff's charge of discrimination was cross filed
with the EEOC and the PHRC on February 6, 2020.  Dual or cross
filing does not eliminate the administrative procedures of those
separate agencies.  By filing with the PHRC, plaintiff subjected
himself to the procedures under the PHRA.  See 43 Pa. C.S.A.
§ 962.1(e).  Thus, for plaintiff to exhaust his administrative
remedies under the PHRA, the PHRC needs to dismiss his charge,
or he needs to wait a year after filing the charge.  See 43 Pa.
C.S.A. § 962(c)(1).  Neither event has occurred.

    Accordingly, the motion of defendant to dismiss Counts
III and IV of the complaint for failure to exhaust
administrative remedies will be granted.

VI

    Finally, defendant contends that this action must be
dismissed because plaintiff has failed to name the proper
defendant in the suit.  According to defendant, Girard College
"has no legal existence independent of the Board of Directors of
the City Trusts, Trustee, acting on behalf of the City of
Philadelphia."  Plaintiff does not challenge defendant's

-13-

assertion and "requests permission to file an amended complaint" to "amend the defendant's name."

Our Court of Appeals has stated that, "to sue Girard College, you must sue the Board of Directors as its trustee." In re School Asbestos Litigation, 56 F.3d 515, 517 (3d Cir. 1995).  Plaintiff's suit naming Girard College as the defendant is clearly improper.  Instead, plaintiff should have brought the action against the Board of Directors of the City Trusts. However, we do not find this oversight sufficiently deficient to dismiss the complaint.  We will deny the motion of defendant to dismiss this action for failure to name the proper party, provided plaintiff within 10 days files an amended complaint, naming the correct defendant.